IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:12-CV-2069 |
| vs. | ) | |
| | ) | |
| THE CITY OF HARVEY, a municipal corporation, and | ) | |
| ANDREW JOSHUA, | ) | |
| | ) | |
| Defendants. | ) | |

## CLASS ACTION COMPLAINT

Now Comes the Plaintiff Jane Doe, by and through her attorneys Yao O. Dinizulu of the Dinizulu Law Group, Ltd., and Todd L. McLawhorn of McLawhorn Law Offices, P.C., on behalf of herself individually and others similarly situated, and states as follows:

### Nature of Action

1.      Plaintiff and the putative class members are individuals who reported sexual assaults to third parties, had body fluid samples removed from their bodies and placed within sexual assault evidence kits, and whose sexual assault kits were subsequently transported to the Harvey Police Department for testing, evidentiary and custodial purposes.  The City of Harvey failed to submit over 200 such sexual assault kits for further testing, resulting in damages to the Plaintiff and the putative class, the spoliation of evidence, and violations of due process, equal protection and the Illinois Domestic Violence Act.

### Parties, Jurisdiction and Venue

2.      At all relevant times herein, Plaintiff Jane Doe was a citizen of Cook County, Illinois.

3.      Defendant The City of Harvey is a municipal corporation within the State of Illinois, and operated the Harvey Police Department.

4.     At all relevant times, Defendant Andrew Joshua was the duly appointed Commander of the City of Harvey Police Department.  As such, he was responsible for enforcing the regulations of the City of Harvey Police Department and for ensuring that the City of Harvey police personnel obey the laws of the State of Illinois and of the United States. At all relevant times, he was acting as the agent, servant, and employee of the City of Harvey.  He is sued individually and in his official capacity.

5.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985, various other state of Illinois laws, and the common law.

6.     This Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 and § 1343, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

7.     Pursuant to 28 U.S.C. § 1391, venue is proper in this district because the defendant resides in this district, and all wrongful acts and injuries occurred in this district.

<u>**Class Allegations**</u>

8.     Class representative Doe brings this action individually and as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3).  There is one class and one subclass:

a. The class consists of all individuals who reported sexual assaults to third parties, had body fluid samples removed from their bodies and placed within sexual assault evidence kits, and whose sexual assault kits were subsequently transported to the Harvey Police Department for testing, evidentiary and custodial purposes.  Plaintiff Doe is a member of the class.

b. The subclass consists of females who reported sexual assaults to third parties, had body fluid samples removed from their bodies and placed within sexual assault evidence kits, and whose sexual assault kits were subsequently

transported to the Harvey Police Department for testing, evidentiary and custodial purposes. Plaintiff Doe is a member of the subclass.

9. During the relevant time frame, more than 50 individuals reported sexual assaults to third parties, had body fluid samples removed from their bodies and placed within sexual assault evidence kits, and whose sexual assault kits were subsequently transported to the Harvey Police Department for testing, evidentiary and custodial purposes.

10. Pursuant to Rule 23(a)(1), based on the number of class members, the class is so numerous that joinder of all members is impracticable.

11. This action is properly maintainable under both Rule 23(b)(2) and 23(b)(3) because Defendant City of Harvey has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole, and because questions of law or fact predominate over questions affecting individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this case. This action is also maintainable under Rule 23(c)(4)(A) for all class issues alleged herein.

12. All class members were exposed to the same type of conduct by the Defendants and experienced the same due process, equal protection and statutory violations by the Defendants. Accordingly, pursuant to Rule 23(a)(2), there are questions of law or fact that are common to the class.

13. Plaintiff Doe experienced the same type of conduct by the Defendants as the class and experienced the same due process, equal protection and statutory violations by the Defendants as the rest of the class. Accordingly, pursuant to Rule 23(a)(3), the claims of the class representative are typical of the claims of the class.

14.    Plaintiff Doe is an adequate representative of the class because her interests do not conflict with the interests of the class that she seeks to represent, she has retained counsel competent and experienced in class action and civil rights litigation, and she intends to prosecute this action vigorously. Pursuant to Rule 23(a)(4), the class representative will fairly and adequately protect the interests of the class.

15.    Defendants have acted or refused to act on grounds generally applicable to Plaintiff Doe and the members of the class, thereby making appropriate final injunctive relief and declaratory relief, as described below.

16.    In addition, pursuant to Rule 23(b)(3), the questions of law or fact common to the class predominate over any questions affecting only individual members, including, without limitation:

    a.   Whether Defendants had a custom, policy and practice of failing to submit sexual assault evidence kits for testing;

    b.   Whether Defendants' custom, policy and practice with respect to their treatment of sexual assault evidence kits violated constitutionally protected rights of the class under 42 U.S.C. § 1983 and the due process clause with respect to their liberty and property interests;

    c.   Whether Defendants had a custom, policy or practice of discriminating against females by treating sexual assault reports and domestic violence reports with less priority than other crimes not involving women or domestic violence;

    d.   Whether Defendants' custom, policy and practice with respect to their treatment of sexual assault evidence kits violated constitutionally protected rights of the class under 42 U.S.C. § 1983 and the equal protection clause by

treating sexual assault reports from women with less priority than other crimes not involving women or domestic violence;

    e.   Whether Defendants' treatment of sexual assault kits was consistent with ordinary and reasonable law enforcement practices or whether such treatment was reckless and/or intentional;

17.   A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. Individual litigation would increase the delay and expense to all parties and to the court system, would create the potential for inconsistent or contradictory judgments, and would possibly impair or impede the ability of individual class members to protect their interests. By contrast, this class action presents far fewer management difficulties, and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

## Substantive Allegations of Wrongful Conduct

18.   Jane Doe was born on January 30, 1990.

19.   At all times relevant herein, Jane Doe resided with her mother.

20.   On May 24, 2007, Doe was a minor. On that date, while walking home from school, Doe met Jacques Dunbar ("Dunbar"), an acquaintance of a friend of Doe's.

21.   Dunbar entered Jane Doe's house without permission. Dunbar refused to leave the house. Dunbar sexually assaulted Jane Doe.

22.   On May 24, 2007, Jane Doe and her mother reported the sexual assault to the Harvey Police Department.

23.     Jane Doe and her mother alleged to the Harvey Police Department that Dunbar had sexually assaulted Jane Doe.

24.     That same day, May 24, 2007, Jane Doe was taken to Ingalls Memorial Hospital for treatment. While at Ingalls Memorial Hospital, medical personnel took body fluid samples from Jane Doe and placed them into an Illinois State Police Sexual Assault Evidence Kit.

25.     An officer from the Harvey Police Department transported the kit to the Harvey Police Department to be placed into evidence.

26.     On information and belief, Commander Andrew Joshua was notified of the allegations against Dunbar.

27.     On June 15, 2007, the Harvey Police Department arrested Dunbar as a suspect wanted for criminal sexual assault.  Later that day, the Harvey Police released Dunbar without charges, pending the results of the sexual assault evidence kit.

28.     Defendants never submitted the Illinois State Police Sexual Assault Evidence Kit for testing.

29.     The City of Harvey had the policy, practice and/or custom of failing to submit Sexual Assault Evidence Kits for testing.

   a.   Over 200 Sexual Assault Evidence Kits went untested for years;

   b.   The Illinois State Police and/or FBI seized the Harvey sexual assault evidence kits during a raid on the Police Department;

   c.   Approximately 50 of the 200 sexual assault evidence kits were viable for scientific testing when discovered by the Illinois State Police and FBI;

6

      d.  As of 2011, 14 people were charged with crimes in 21 sexual assaults from the kits seized, including Dunbar;

      e.  A disproportionate number of the victims of were women.

30.    Defendants The City of Harvey and Andrew Joshua failed to:

      a.  Provide aid to the injured Jane Doe;

      b.  Assure that evidence was not lost;

      c.  Determine if an offense was committed;

      d.  Affect an arrest of the accused;

      e.  Arrange for the timely analysis and evaluation of evidence; and

      f.  Determine if other crimes may have been committed by the suspect.

31.    On information and belief, the failure to submit Sexual Assault Evidence Kits for testing, the failure to investigate crimes of sexual assault, and the failure to notify the Department of Child and Family Services, were consistent with an institutional practice of the City of Harvey Police Department, which was known to and ratified by Defendant Andrew Joshua and the City of Harvey, the Defendants having failed to take any effective action to prevent City of Harvey police personnel from continuing to engage in such misconduct.

32.    On information and belief, Defendants Andrew Joshua and the City of Harvey had prior notice of the reckless, willful and wanton, deliberate and/or intentional actions of their employees and agents, but took no steps to train them, correct abuses of authority, or discourage the unlawful use of authority. The failure to properly train their employees and agents included the failure to instruct them as officers of the peace and in applicable laws of Illinois.

7

33. On information and belief, Defendants The City of Harvey and Andrew Joshua authorized, tolerated as institutional practices, and ratified the misconduct above by:

   a. Failing to properly supervise The City of Harvey police personnel;

   b. Failing to properly train The City of Harvey police personnel;

   c. Failing to properly discipline, restrict, and control employees, including but not limited to investigating crimes of sexual assaults of females;

   d. Failing to take adequate precautions in the hiring, promotion, and retention of police personnel;

   e. Failing to forward to the office of the District Attorney of Cook County evidence of criminal acts committed by Cook County Correctional officers;

   f. Failing to notify the Department of Child and Family Services of claims of sexual assault of minors;

   g. Failing to protect and ensure evidence is not lost or mishandled; and

   h. Failing to establish and/or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of sexual assault and/or complaints of police misconduct, but instead responding to such complaints with bureaucratic power and official denials calculated to mislead the public.

34. Jane Doe suffered injuries, including but not limited to:

   a. Physical injuries from the sexual assault; and

   b. Severe emotional and psychological injuries.

35.     On or about April 2011, Jane Doe was informed by investigators about Defendants'
        failure to act, the investigation against the accused, and that the sexual assault evidence
        kit indicated that Dunbar had sexually assaulted her.

### Fraudulent Concealment

36.     Defendants owed a fiduciary or confidential relationship toward Doe and other class
        members as victims of sexual assault who had made allegations to the Defendants and
        had identified the perpetrators.  In addition, to the extent Plaintiff and other class
        members were minors at the time of the sexual assaults, the Defendants owed an
        additional duty to them by virtue of their minor status.

37.     Defendants, having knowledge of the rapist's name immediately after the first rape,
        created a special relationship between the parties and consequently bestowed upon
        Plaintiff and class members the right to be protected.

38.     Defendant The City of Harvey, by and through its agents, willfully and wantonly and/or
        with reckless disregard fraudulently concealed Plaintiff's and the class members' causes
        of action, as follows:

    a.  Knowingly and actively suppressed the truth with the intent to prevent inquiry or
        knowledge of the injury, including but not limited to the following

        i.   Failing to test the sexual assault evidence kits;

        ii.  Failing to investigate the allegations against the accused;

        iii. Failing to notify Jane Doe and other class members that their sexual assault
             evidence kits were never tested.

    b.  Knowingly failing to disclose when Defendant had a duty to speak with the intent to
        prevent inquiry or knowledge of the injury, including but not limited to the following:

9

      i.    Failing to notify testing facilities of the sexual assault evidence kits in its possession;

     ii.    Failing to notify Plaintiff and class members of their rights, pursuant to the Illinois Domestic Violence Act of 1986, 750 ILCS 60/304.

    iii.    Failing to notify Plaintiff and class members that their sexual assault evidence kits were never tested.

39.    As a direct and proximate result of Defendant's conduct, Plaintiff Jane Doe and other class members were misled as to their causes of action against Defendants and other parties.

40.    On or about April 2011, Plaintiff became aware of Defendants' willful and wanton conduct when she was notified by the authorities.

41.    Plaintiff Jane Doe and the class members could not have learned of the existence of their causes of action, when the evidence was in the exclusive control of Defendants.

## COUNT I- 42 U.S.C. §1983 DUE PROCESS
## THE CITY OF HARVEY AND ANDREW JOSHUA

42.    Plaintiff incorporates paragraphs 1 to 41 as though fully stated herein.

43.    This Count is brought on behalf of Plaintiff Doe and the Class described in Paragraph 8(a).

44.    This Count is brought pursuant to 42 U.S.C. §1983, against The City of Harvey and Andrew Joshua.

45.    At all times relevant herein, City of Harvey, Harvey Police Department, acted under the color of the state. Andrew Joshua was the Commander of the Police Department.

46.     At all times relevant herein, Defendants knew that victims of sexual assault had provided evidence of sexual assault that had been placed in sexual assault evidence kits, and that Defendants were not taking steps to investigate properly the allegations and were not sending the sexual assault kits for testing.

47.     Defendants had a duty to submit the sexual assault kits for testing.

48.     Furthermore, to the extent any of the class members suffered sexual assaults by the same perpetrators after they had made reports to Defendants, this created a special relationship between the parties and consequently the Defendants had a duty to intervene and protect the class members from those perpetrators.

49.     At all times relevant herein, Defendant The City of Harvey with deliberate indifference, intentionally, willfully and wantonly, and/or with reckless disregard deprived Plaintiff Jane Doe and the class of rights and/or privileges secured by the constitution, including but not limited to:

     i.     Defendants violated Plaintiff's and class members' Due Process Clause property interests in their DNA samples, which had been provided and stored at The City of Harvey's facility, and their right to redress in the courts, by failing to investigate, submit sexual assault evidence kits, or arrest the accused;

     ii.    Defendants violated Plaintiff's and class members' Due Process Clause property interests in their persons, by failing to investigate, submit sexual assault evidence kits, or arrest the accused.

50.     Defendant The City of Harvey with deliberate indifference, failed to train its police officers as to the rights of persons with whom the police come into contact, including but not limited to Plaintiff Jane Doe and other class members.

51.     Defendant's deliberate indifference, willfully and wantonly, created a danger of and increased the risk of harm by sexual abuse, and/or fostered an environment to exist and continue in which a victim is sexually abused; and/or is in fear of sexual assault.

52.     Defendants violated Plaintiff's and the class members' civil rights by having an express policy that, when enforced, caused a constitutional deprivation to Plaintiff and the class members, or by having a widespread practice and/or custom that, although not authorized by written law or express municipal policy, was so permanent and well settled as to constitute a custom or usage with the force of law.

53.     The constitutional injury inflicted by Defendant was caused by a person with final policymaking authority at The City of Harvey.

54.     Defendant knew about the above-described conduct and facilitated it, approved it, condoned it, and/or turned a blind eye to the conduct.

55.     The above-described conduct of Defendant The City of Harvey constitutes a violation of Section 1983.  Plaintiff and the class members are entitled to compensatory damages for physical injury, emotional pain, suffering, mental anguish and other non-pecuniary losses.

        WHEREFORE, Jane Doe and the class, demand judgment against Defendants, in an amount to be determined at trial, and any other relief the Court deems just and proper.

## COUNT II- 42 U.S.C. §1983 EQUAL PROTECTION
## AGAINST THE CITY OF HARVEY AND ANDREW JOSHUA

56.     Plaintiff incorporates paragraphs 1 to 41 as though fully stated herein.

12

57.     This Count is brought on behalf of Plaintiff Doe and the Subclass described in Paragraph 8(b).

58.     This Count is brought pursuant to 42 U.S.C. §1983 against The City of Harvey and Andrew Joshua.

59.     At all times relevant herein, City of Harvey, Harvey Police Department, acted under the color of the state. Andrew Joshua was the Commander of the Harvey Police Department.

60.     At all times relevant herein, Defendant The City of Harvey with deliberate indifference, intentionally, willfully and wantonly, and/or with reckless disregard deprived Plaintiff Jane Doe and the class of rights and/or privileges secured by the constitution, including but not limited to:

    i.      Defendants violated Plaintiff's and class members' Due Process Clause property interests in their DNA samples, which had been provided and stored at The City of Harvey's facility, and their right to redress in the courts, by failing to investigate, submit sexual assault evidence kits, or arrest the accused;

    ii.     Defendants violated Plaintiff's and class members' Due Process Clause property interests in their persons, by failing to investigate, submit sexual assault evidence kits, or arrest the accused.

61.     Defendant The City of Harvey with deliberate indifference, failed to train its police officers as to the rights of persons with whom the police come into contact, including but not limited to Plaintiff Jane Doe and other class members.

62.     Defendant's deliberate indifference, willfully and wantonly, created a danger of and increased the risk of harm by sexual abuse, and/or fostered an environment to exist and continue in which a victim was sexually abused; and/or in fear of sexual assault.

63.     Defendant's conduct was motivated by gender.

64.     Defendant's conduct was intentional and due to Plaintiff's and the class member's female gender.

65.     Defendants have a history of discriminating against females. Defendants treat domestic violence abuse reports from women with less priority than other crimes not involving women reporting domestic violence abuse.

66.     Defendants violated Plaintiff's and the class members' civil rights by having an express policy that, when enforced, caused a constitutional deprivation to Plaintiff and the class members, or by having a widespread practice and/or custom that, although not authorized by written law or express municipal policy, was so permanent and well settled as to constitute a custom or usage with the force of law.

67.     The constitutional injury inflicted by Defendant was caused by a person with final policymaking authority at The City of Harvey.

68.     Defendant knew about the above-described conduct and facilitated it, approved it, condoned it, and/or turned a blind eye to the conduct.

69.     The above-described conduct of Defendant The City of Harvey constitutes a violation of Section 1983. Plaintiff and the class members are entitled to compensatory damages for physical injury, emotional pain, suffering, mental anguish and other non-pecuniary losses.

WHEREFORE, Jane Doe and the class demand judgment against Defendants in an amount to be determined at trial, and any other relief the Court deems just and proper.

## COUNT III – ILLINOIS DOMESTIC VIOLENCE ACT OF 1986 AGAINST THE CITY OF HARVEY

70. Plaintiff incorporates paragraphs 1 to 41, as though fully stated herein.

71. This Count is brought on behalf of Plaintiff Doe and the Class described in Paragraph 8(a).

72. At all times relevant herein, Andrew Joshua was acting in the scope of his employment with The City of Harvey, and/or as their agents.

73. Defendant having knowledge of the alleged rapist's name immediately after the first rape, created a special relationship between the parties and consequently bestowed upon Plaintiff the right to be protected.

74. Defendant The City of Harvey, by and through their agents, willfully and wantoningly and/or with reckless disregard, breached the following duties:

   a. Failed to develop, adopt, and implement written policies regarding arrest procedures for domestic violence incidents consistent with the provisions of this Act. 750 ILCS 60/301.1

   b. Failed to make a written police report of any bona fide allegation and the disposition of such investigation, which included the victim's statements as to the frequency and severity of prior incidents of abuse, neglect, or exploitation by the same family or household member and the number of prior calls for police assistance to prevent such further abuse, neglect, or exploitation. 750 ILCS 60/303

   c. Failed to record and compile the report as a domestic crime within the meaning of Section 5.1 of the Criminal Identification Act [20 ILCS 2630/5.1]. 750 ILCS 60/303

15

d.  Failed to arrest the abusing, neglecting and exploiting parties. 750 ILCS 60/304(A)(1)

e.  Failed to accompany the victim of abuse, neglect, or exploitation to their residences for a reasonable period of time to remove necessary personal belongings and possessions. 750 ILCS 60/304

f.  Failed to offer the victim of abuse, neglect, or exploitation immediate and adequate information (written in a language appropriate for the victim), which shall include a summary of the procedures and relief available to victims of abuse under subsection (c) of Section 217 [750 ILCS 60/217] and the officer's name and badge number. 750 ILCS 60/304

g.  Failed to provide the victim with one referral to an accessible service agency. 750 ILCS 60/304

h.  Failed to advise the victim of abuse about seeking medical attention and preserving evidence, specifically including photographs of injury or damage and damaged clothing or other property. 750 ILCS 60/304

i.  Failed to provide or arrange accessible transportation for the victim of abuse to a medical facility for treatment of injuries or to a nearby place of shelter or safety; or, after the close of court business hours, providing or arranging for transportation for the victim to the nearest available circuit judge or associate judge so the victim may file a petition for an emergency order of protection under subsection (c) of Section 217 [750 ILCS 60/217]. 750 ILCS 60/304

j.  Inform the victim of abuse neglect, or exploitation of the victim's right to request that a criminal proceeding be initiated where appropriate, including specific times and

places for meeting with the State's Attorney's office, a warrant officer, or other official in accordance with local procedure. 750 ILCS 60/304.

75.   As a direct and proximate result of Defendant's conduct, Jane Doe and the class suffered injuries, including but not limited to:

a.   Severe emotional and psychological injuries; and

b.   In the event of repeated sexual assaults by the same perpetrator, physical injuries, including but not limited to bruising, scarring, and tearing, from the sexual assaults.

WHEREFORE, Jane Doe and the class, demand judgment against Defendant The City of Harvey, in an amount to be determined at trial, and any other relief the Court deems just and proper.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST THE CITY OF HARVEY

76.   Plaintiff incorporates paragraphs 1 to 41 as though fully stated herein.

77.   This Count is brought on behalf of Plaintiff Doe and the Class described in Paragraph 8(a).

78.   Defendant The City of Harvey, by and through its agents, intentionally breached the following duties:

a.   Failed to submit the sexual assault evidence kits for testing for excessive periods of time, as long as over ten years in some cases;

b.   Failed to investigate allegations of sexual assault;

c.   Fraudulently concealed Plaintiff's and the class members causes of action against Defendants and other third parties;

17

d.  Violated Plaintiff's rights pursuant to the Due Process Clause and Equal Protection Clause.

79.  Defendant's intentional conduct was so extreme and outrageous as to go beyond all possible bounds of decency.

80.  Defendant's intentional conduct occurred repeatedly for over ten years.

81.  As a result, Doe and class members experienced severe fright, horror, grief, shame, humiliation, and worry.

82.  No reasonable person, especially a minor, could have endured the Defendant's conduct.

83.  As a direct and proximate result of Defendant's conduct, Jane Doe and the class suffered injuries, including but not limited to compensatory damages for physical injury, emotional pain, suffering, mental anguish and other non-pecuniary losses.

WHEREFORE, Jane Doe, demands judgment against Defendant The City of Harvey, in an amount to be determined at trial, and any other relief the Court deems just and proper

## COUNT V – WILLFUL AND WANTON
## AGAINST THE CITY OF HARVEY

84.  Plaintiff incorporates paragraphs 1 to 41, as though fully stated herein.

85.  This Count is brought on behalf of Plaintiff Doe and the Class described in Paragraph 8(a).

86.  At all times relevant herein, Officer Neal Frundle, Oscar Perry, and Commander Andrew Joshua were acting in the scope of their employment with The City of Harvey.

87.  Defendant The City of Harvey, by and through their agents, willfully and wantonly and/or with reckless disregard, breached the following duties:

a. Failed to submit the sexual assault evidence kits for testing for excessive periods of time, as long as over ten years in some cases;

b. Failed to investigate allegations of sexual assault;

c. Fraudulently concealed Plaintiff's and the class members causes of action against Defendants and other third parties;

d. Violated Plaintiff's rights pursuant to the Due Process Clause and Equal Protection Clause; and

e. Was otherwise willful and wanton.

88. As a direct and proximate result of Defendant's conduct, Jane Doe and the class suffered injuries, including but not limited to compensatory damages for physical injury, emotional pain, suffering, mental anguish and other non-pecuniary losses.

WHEREFORE, Jane Doe, demands judgment against Defendant The City of Harvey, in an amount to be determined at trial, and any other relief the Court deems just and proper.

**COUNT VI – 42 U.S.C §1985**
**CONSPIRACY OF DEPRIVATION OF RIGHTS AND PRIVILEGES**
**AGAINST THE CITY OF HARVEY AND ANDREW JOSHUA**

89. Plaintiff incorporates paragraphs 1 to 41 as though fully stated herein.

90. This Count is brought on behalf of Plaintiff Doe and the Class described in Paragraph 8(a).

91. This Count is brought pursuant to 42 U.S.C. §1985.

92. At all times relevant herein, Officer Neal Frundle, Sergeant Oscar Perry and Commander Andrew Joshua were acting in the scope of their employment with The City of Harvey.

93. Defendant, by or through its agents, purposefully, knowingly and willfully conspired to the following:

a. Adopting a policy, procedure, and/or practice of failing to submit sexual assault evidence test kits.

b. Adopting a policy, procedure and/or practice of not investigating allegations of sexual assault.

94. The conspiracy was motivated by gender.

95. Defendant's policies, procedures, and/or practices with regard to investigations of sexual assaults intentionally and disparately impacted female victims.

96. Moreover, Defendant The City of Harvey, by or through its agents, knowingly and willfully conspired to the following:

a. Failed to submit Plaintiff Doe's and other class member's sexual assault evidence test kits for several years;

b. Failed to investigate the allegations of rape of Jane Doe and other class members;

c. Fraudulently concealed Plaintiff's and the class member's causes of action against Defendants and other parties;

d. Violated Plaintiff's and the class member's rights pursuant to the Due Process Clause; and

e. Otherwise conspired to prevent or hinder the constituted authorities of Illinois from giving or securing to Plaintiff and the class the equal protection of the laws.

97. The conspiracy was intentional and due to Plaintiff's gender as a female.

98. Defendant The City of Harvey, by and through their officers, violated Plaintiff's civil rights when:

a. An express policy that, when enforced, caused a constitutional deprivation;

b. A widespread practice that, although not authorized by written law or express municipal policy, was so permanent and well settled as to constitute a custom or usage with the force of law;

c. The constitutional injury was caused by a person with final policymaking authority;

d. Defendant knew about the conduct and facilitated it, approved it, condoned it, and/or ignored it.

99. As a direct and proximate result of Defendant's conduct, Defendant deprived Plaintiff and the class of rights and privileges, including but not limited to:

a. Protection of their property interests in their persons; and

b. Protection of their right to the courts.

100. The above-described conduct of Defendant The City of Harvey constitutes a violation of Section 1985. Plaintiff and the class members are entitled to compensatory damages for physical injury, emotional pain, suffering, mental anguish and other non-pecuniary losses.

WHEREFORE, Jane Doe and the class, demand judgment against Defendant The City of Harvey, in an amount to be determined at trial, and any other relief the Court deems just and proper.

March 19, 2012

Respectfully submitted,

DINIZULU LAW GROUP, LTD.

By: s/ Yao O. Dinizulu
Yao O. Dinizulu
Plaintiff's Attorney

Yao O. Dinizulu
DINIZULU LAW GROUP, LTD.

221 N. LaSalle, Suite 1100
Chicago, IL 60601
Telephone: (312) 384-1920
Facsimile: (312) 384-1921
Dinizulu@dinizululawgroup.com

Todd L. McLawhorn
McLawhorn Law Offices, P.C.
407 S. Dearborn, Suite 1310
Chicago, IL  60605
Telephone:  (312) 419-1941
Facsimile:  (312) 893-3851
todd@mcllegal.com