# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | Case No. 12 CV 1094 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| THE CITY OF HARVEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| JANE DOE II and JANE DOE III, a minor by and | ) | |
| through her mother as next friend, for themselves | ) | Case No. 12 CV 2069 |
| individually and on behalf of others similarly | ) | |
| situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE CITY OF HARVEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Doe II and Doe III, sued the City of Harvey and its Police Department ("Harvey") for allegedly maintaining a policy of discrimination against female victims of sexual assault in violation of Section 1983 and the Equal Protection Clause of the U.S. Constitution. Before the Court is plaintiffs' amended motion for class certification on behalf of themselves and the putative class members, comprising all females who reported sexual assaults to Harvey on or after August 3, 1997. (Dkt. #106, Mot.) For the following reasons, the Court denies plaintiffs' motion.

1

**Background**

Plaintiffs, on behalf of themselves individually and others similarly situated, filed an initial complaint in March 2012, alleging that Harvey failed to investigate diligently the sexual assault allegations made by women. Plaintiffs allege that following the report of a sexual assault of a woman, as part of the investigation, a sexual assault evidence collection kit is taken for testing. However, plaintiffs' cases were investigated by different Harvey detectives, each of whom exercised their own discretion regarding investigatory strategies. Some class members' cases were solved without any delay. In other cases, Harvey detectives allegedly failed to collect a sexual assault evidence kit at all; or Harvey collected the evidence kits, but failed to submit the kits for testing; or the kits were submitted, but prompt follow up was not received. This, plaintiffs allege, resulted in damage to plaintiffs and the putative class, as well as the spoliation of evidence. It is plaintiffs' contention that these failures, as well as an overall lack of instruction and training in dealing with victims of sexual assault, represent Harvey's practice of not treating sexual assault complaints by female victims seriously.

Plaintiffs move to certify a class of "all females who reported sexual assaults to the City of Harvey Police Department on or after August 3, 1997." (Dkt. #7, First Amended Complaint, at ¶ 9(b)). Both Doe II and Doe III are members of this class.

The four representative class members are identified as follows:

Doe I was 11 years old when her mother reported a sexual assault on August 3, 1997. (Dkt. #118-12, Doe I Dep. 11, 104–06.) Detective Joshua took Doe for a victim sensitivity interview shortly thereafter at La Rabida Hospital. (*Id*. at 72.) Doe I then recanted her allegations. (*Id*. at 77, 79, 82.) The offender, her step-father, denied sexual relations (Dkt. #118-7, Teresa Dep. 52), and her mother opted not to press charges. (Dkt. #118-10, Joshua Dep. 269–

70). The Illinois Department of Children and Family Services investigated. (Teresa Dep. 63.) A rape kit was taken and submitted to the Illinois State Police ("ISP") on August 6, 1997. (Joshua Dep. 200.) The results were allegedly sent to Harvey on September 19, 1997, but Detective Joshua testified that he did not see them. (*Id*. at 256.)

Doe II was 17 years old when she was assaulted by a person she knew on May 24, 2007 . (Dkt. #118-5, Doe II Dep. 7, 66, 100.) The offender claimed the sexual relation was consensual. (*Id*. at 79.) A rape kit was taken and submitted to the ISP on June 15, 2007 for processing. (*Id*. at 82.) A medical exam showed tearing of the vagina and anus. (*Id.* at 83.) The assailant was arrested on June 15, 2007. (*Id*. at 75.)

Doe III was in eighth grade when she was first assaulted on April 28, 2008 in a bathroom at school by an offender that she knew. (Dkt. #114-3, Doe III Dep. 47, 74.) The offender claimed no assault occurred and that the sexual relation was consensual. (*Id*. at 61.) Doe III had engaged in consensual sexual relations with the offender on April 2, 2008, also in a bathroom at school. (*Id*. at 47.) Detective Armstrong interviewed Doe III and the offender. (Dkt. #118-6, Sales Dep. 109.) The Assistant State's Attorney did not approve felony charges. (*Id*. at 89.) The offender's case was transferred to the Cook County Juvenile Division. (Dkt. #118-13, Aff. of Placement, Juvenile Division.) On April 11, 2012, Harvey sent the rape kit for processing and a DNA match was made to a sperm sample from the vaginal swabs. (Dkt. #118-15, Doe III ISP Report, RN 851B-08, redacted.) Doe III's second assault was committed on May 15, 2008, by a stranger in an abandoned house. (Doe III Dep. at 150-161.) A rape kit was taken and submitted for processing on June 11, 2008. (Doe III ISP Report, CRN4522B-08, redacted.) There was no other physical evidence or witnesses, and the offender has yet to be identified. (Doe III Dep. 61.)

The fourth identified class member, TM, was 13 years old when she was assaulted by a stranger on November 30, 1999. (Dkt. #118-8, TM Dep. 19, 32.) She did not see the offender's face. (*Id.* at 36.) The rape kit was submitted to the ISP for testing on October 27, 2010, and no DNA match was identified. (Dkt. #118-17, TM ISP Report, RN 14685A-99, redacted.) The offender has yet to be identified.

Plaintiffs argue that class certification is appropriate under two separate provisions of the Federal Rules of Civil Procedure: 23(b)(2) because Harvey acted or refused to act in the same manner as to all class members, and 23(b)(3) because Harvey violated the class members' equal protection rights. Plaintiffs additionally assert that this action is maintainable under Rule 23(c)(4) for all the class issues alleged. Harvey opposes plaintiffs' motion arguing that plaintiffs cannot meet the commonality, typicality, or adequacy of representation requirements of Rule 23(a). Moreover, Harvey contends that plaintiffs also fail to meet the requirements of 23(b)(2), Rule 23(b)(3), and Rule 23(c)(4), as each member seeks damages that justify individual suits, and because common injunctive and declaratory relief cannot be ordered class-wide. Additionally, Harvey moves to strike certain evidence and exhibits cited in support of plaintiffs' motion for class certification.

**Legal Standard**

Class certification depends not on the merits of the lawsuit, but on whether the requirements of Federal Rule of Civil Procedure 23 are met. *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177–78 (1974). To obtain class certification under Rule 23, plaintiffs must satisfy each requirement of Rule 23(a) – numerosity, commonality, typicality, and adequacy of representation – and one of the three subsections of Rule 23(b). *See Harper v. Sheriff of Cook County*, 581 F.3d 5120961, 513 (7th Cir. 2009); *Oshana v. Coca–Cola Co*., 472 F.3d 506, 513

(7th Cir. 2006). In this case, Plaintiffs argue that class certification is proper under Rule 23(b)(2), 23(b)(3), and 23(c)(4). (Mot. at 11.)

In order to grant class certification under Rule 23, the Court must be "satisfied, after a rigorous analysis" that the Rule's requirements are met. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. __, 131 S. Ct. 2541, 2551 (2011) (citation omitted). "Frequently that 'rigorous analysis' will entail some overlap with the merits" of the claim. *Id.* "'Failure to meet any of the Rule's requirements precludes class certification.'" *Harper,* 581 F.3d at 513 (quoting *Arreola v. Godinez*, 546 F.3d 788, 794 (7th Cir. 2008)). Satisfaction of these requirements, on the other hand, categorically entitles plaintiffs to pursue the claim as a class action. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins.*, 559 U.S. 393, 398-99 (2009).

Plaintiffs bear the burden of proving each disputed requirement by a preponderance of the evidence. *Messner v. Northshore Univ. HealthSystem,* 669 F.3d 802, 811 (7th Cir. 2012). District courts have broad discretion in determining whether the plaintiffs have satisfied this burden. *See Reiter v. Sonotone Corp.*, 442 U.S. 330, 345, 99 S. Ct. 2326, 60 L. Ed. 2d 931 (1979); *Messner,* 669 F.3d at 811.

**Analysis**

Rule 23(a)(1) requires that a class be so numerous that joinder of all its members is impracticable. Although defendants question plaintiffs' statistics and the authenticity of the data they relied upon, defendants make no argument against plaintiffs' satisfaction of the numerosity requirement. Because numerosity is left uncontested by defendants, and because plaintiffs are not at this stage required to specify the exact number of persons in the class, the Court finds that plaintiffs have satisfied the numerosity requirement. *See Marcial v. Coronet Ins. Co.,* 880 F.2d 954, 957 (7th Cir. 1989).

Rule 23(a)(2) requires the existence of questions of law or fact common to the class. The Supreme Court specifies that plaintiffs must "demonstrate that the class members have suffered the same injury," not "that they have all suffered a violation of the same provision of law." *Dukes*, 131 S. Ct. at 2551. (quotation and citation omitted). The claims of a class must depend upon a common contention, and that contention must be capable of class wide resolution. *Id.* "Where the defendant's allegedly injurious conduct differs from class member to class member, courts are not likely to find common answers." *Otero v. Dart*, 2014 WL 4344029 (N. D. Ill. 2014).

Here, plaintiffs argue that central common factual questions exist concerning whether Harvey had a custom, policy and practice of failing to diligently investigate allegations of sexual assault and treating sexual assault reports with less priority than other crimes not involving women, as well as whether Harvey had adequate procedures and training to ensure female victim complaints were investigated properly. Defendant contends that because plaintiffs pursue their claims under the Equal Protection Clause, they must demonstrate both discriminatory effect and discriminatory purpose. Defendants argue that commonality requires more than raising common questions and that the individual discretion utilized by four different detectives precludes commonality. Moreover, defendants contend that plaintiffs are unable to show that Harvey intended to discriminate against females.

Although plaintiffs have successfully propounded several questions of fact common to the class, the Supreme Court has made clear that "[a]ny competently crafted class complaint literally raises common 'questions.'" *Dukes*, 131 S. Ct. at 2551. It is the additional burden that plaintiffs fail to meet - proving that plaintiffs have all suffered the same injury. *Id*. The allegedly injurious conduct and investigatory decisions made by Harvey differ both case-by-case and
6

detective-by-detective. The Supreme Court denied class certification in *Dukes* after finding that the Wal-Mart managers have discretion to make hiring and promotion decisions. *Id*. Likewise, each of the Harvey detective's decisions vary, as they each utilize their individual discretion and employ investigatory processes that differ depending on the case. Detectives may prioritize one case over another case based on a variety of factors, including the solvability of the case, availability of evidence, or even based of their case load. As such, plaintiffs can only establish commonality by identifying "a common mode of exercising discretion that pervades" all detectives **and** has the purpose of discriminating. *Dukes*, 131 S. Ct. at 2555.

The Court finds that there is no common mode of discretion in this case for several reasons. First, each of the identified class members' cases was investigated by a different detective, who exercised his own discretion. (Dkt. #118-4, Ryan Dep. 60–74.) Crocker investigated Doe II's case. (Doe II Dep. 76.) Armstrong investigated Doe III's first assault. (Sales Dep. 109.) Joshua investigated Doe I's case. (Teresa Dep. 38–39.) Brooks investigated TM's case. (TM Dep. 97.) The Commander of Investigations has changed eight times since 1997. (Dkt. #118-1, Gordan Dep. 197–98.)

Second, the Chief of Police has changed three times since 1997 and Harvey has had two mayors within the same time period, as well. The class members' cases involve the decision-making of several different detectives, commanders, chiefs, and mayors. Each investigation was handled in a different way. Of the four identified class members' stories alone, each situation varies largely from the other. The victims are different ages; they have varied relationships with their assailants, ranging from one being the victim's step-father to another being a stranger to the victim; their ability to identify their assailant differs; if another agency intervened during the

investigation differs; and whether a rape kit was taken and submitted within a short date from the attack or eleven years later, are just a few means by which the investigations varied.

Finally, even if the plaintiffs were to prove that Harvey has an over-arching policy with a discriminatory effect, they must also prove that Harvey intended to discriminate against females, as "disparate impact does not violate the equal protection clause." *Bond v. Atkinson,* 728 F.3d 690, 692–93 (7th Cir. 2013). Plaintiffs have not sufficiently demonstrated that Harvey intended to discriminate against all women.

Plaintiffs acknowledge that factual variations exist, but argue that instead of focusing on the individualized discretion and investigation, commonality is satisfied by the common thread of Harvey's discriminatory treatment toward all women. Unfortunately, this common thread argument does not equate to a demonstration of each class member suffering the same injury. Moreover, plaintiffs have not sufficiently demonstrated a common mode of discretion with the purpose of specifically discriminating against all women. Accordingly, plaintiffs have failed to meet the commonality requirement.

Because the threshold basis of class certification involves satisfying each requirement of Rule 23(a) and plaintiffs fail to meet Rule 23(a)(2), the Court declines to continue its analysis. The party seeking class certification bears the burden of demonstrating that each of the elements required for certification are present. *Retired Chicago Police Association v. City of Chicago,* 7 F.3d 584, 596 (7th Cir. 1993). The court concludes that this burden has not been met, and accordingly denies plaintiffs' motion to certify the class.

**Conclusion**

After thorough consideration of the highly troubling facts alleged herein, the Court finds that class certification is not viable. Other methods are still available to plaintiffs to fairly

continue to adjudicate this matter. For the reasons set forth above, plaintiffs' motion for class certification [Dkt. #105] is denied. Harvey's motion to strike [Dkt. #115] is denied as moot.

IT IS SO ORDERED.

Date: September 22, 2014

Entered

Sharon Johnson Coleman
United States District Court Judge